UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUY BLESSINGER, AUDRA NISKI,
NELSON FERREIRA, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.                                                      Case No. 8:22-cv-1029-TPB-SPF

WELLS FARGO & COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law in Support," filed on July 12, 2022. (Doc. 20). Plaintiffs filed a response in opposition on August 9, 2022. (Doc. 24). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background

Plaintiffs Guy Blessinger, Audra Niski, and Nelson Ferreira had medical, dental, and vision benefits through Defendant Wells Fargo & Company. After the occurrence of qualifying events, Defendant provided notice to Plaintiffs informing them that they were entitled to continue their health plan coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Plaintiffs elected not to continue their health plan coverage and have since incurred medical expenses.

On May 3, 2022, Plaintiffs filed suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), as amended by COBRA. Plaintiffs allege that Defendant's COBRA notice of rights to continued healthcare coverage violated 29 C.F.R. § 2590.606-4(b)(4) because it was not written to be understood by the average plan participant.  Specifically, Plaintiffs assert that the COBRA notices were deficient because they contained misstatements of the law related to criminal and civil penalties and IRS penalties, which ultimately discouraged Plaintiffs and others from electing COBRA coverage.  Defendant has moved to dismiss the complaint.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Criminal and Civil Penalties Language*

Defendant argues that the complaint should be dismissed for failure to state a claim because the language concerning criminal and civil penalties, including IRS penalties, is neither confusing nor legally incorrect. In the complaint, Plaintiffs allege that the COBRA notice was not written in a manner calculated to be understood by the average plan participant because it contained false and misleading threats of possible criminal and civil penalties for submitting incomplete information, which misstates the law because incomplete information should not subject an applicant to penalties.

Defendant's arguments address the merits of the claim and are not appropriate to resolve at this stage of the proceedings. *See Green v. FCA US LLC*, No. 20-13079, 2021 WL 1750118, at *5 (E.D. Mich. May 4, 2021); *Am. Int'l Specialty Lines Ins. Co.*, 2009 WL 10671157, at *2. "It remains to be determined whether,

under an objective standard, the notice is sufficient to allow the average plan participant to make an informed decision regarding whether to elect coverage." *Green*, 2021 WL 1750118, at *5.  The motion to dismiss is therefore denied as to these grounds.

*Failure to Identify Plan Administrator*

Plaintiffs' complaint asserts that Defendant improperly failed to identify the plan administrator.  Defendant's motion to dismiss argues this claim is legally deficient because the COBRA notice is not required to identify the plan administrator.  Following briefing on the motion, the parties stipulated to dismiss the plan administrator arguments from the complaint.  (Doc. 32).  Based on Plaintiffs' concession and the applicable case law, the Court grants the motion to dismiss as to Plaintiffs' claims concerning the plan administrator.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiffs' Complaint and Memorandum of Law in Support" (Doc. 20) is **GRANTED IN PART** and **DENIED IN PART.**

2. The motion is **GRANTED** to the extent that Plaintiffs' claims related to the plan administrator are **DISMISSED**.

3. The motion is otherwise **DENIED**.

4. Defendant is directed to file an answer on or before January 24, 2023.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2023.

.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**