## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GUY BLESSINGER,[1]**
**AUDRA NISKI,**
**NELSON FERREIRA,**
**individually and on behalf**
**of all others similarly-situated,**

    **Plaintiffs,**

**v.**                       **CASE NO.: 8:22-cv-01029-TPB-SPF**

**WELLS FARGO & COMPANY,**

    **Defendant.**
_____/

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

---

[1] The Class Action Complaint (Dkt. No. 1) was filed in this matter by Plaintiffs Niski and Ferreira, as well as Guy Blessinger. As noted in Plaintiffs' Motion for Class Certification (Dkt. No. 40), Mr. Blessinger is neither a proposed Class Representative nor a Settlement Class Member because he signed a Mutual Arbitration Agreement with Wells Fargo. *See id.* at 1 n.1.

Named Plaintiffs, Audra Niski and Nelson Ferreira ("Named Plaintiffs"), on behalf of themselves and a putative Settlement Class (collectively, "Plaintiffs"), pursuant to Fed.R.Civ.P. 23, hereby respectfully move this Court for an Order (*see* Proposed Order at Exhibit A) preliminarily approving the parties' proposed Class Action Settlement Agreement and Release (the "Agreement" or "Settlement").[2]

As detailed below, the parties, with the assistance of a highly respected ERISA and class action mediator, reached a tentative class-wide resolution for which Named Plaintiffs now seek Court approval.  The Settlement provides for a fund of $1,000,000.00 to be made available to approximately 50,000 Settlement Class Members.  Every Settlement Class Member who files a valid and timely claim will receive a check for up to $20.00.  This per-class member recovery is consistent with many other similar class action settlements approved by federal courts in the Middle District of Florida, including by Judge Barber in *Bacs, et al. v Capital One*, 8:21-cv-02852-TPB-TGW (M.D. Fla. Dec. 12, 2022), ECF Nos. 56, 57 (granting preliminary approval of class settlement providing for gross awards of $17.89 in case with allegedly deficient COBRA notice). *See also Vazquez v. Marriott Int'l, Inc.*, No. 8:17-cv-00116-MSS-MAP (M.D. Fla. Feb. 27, 2020), ECF. No. 127 (court approved COBRA notice class action settlement awarding $13.00 per class member); *Rigney v. Target Corp.*, No. 8:19-cv-01432-MSS-JSS (M.D.

---

[2] The Agreement is attached as Exhibit B.  Certain defined terms contained herein shall have the same meaning as set forth in the Agreement.

Fla. Mar. 24, 2021), ECF Nos. 58, 59 (court approved COBRA notice class action settlement awarding $17.00 per class member); *Hicks v. Lockheed Martin Corp, Inc.*, No. 8:19-cv-00261-JSM-TGW (M.D. Fla. Dec. 11, 2019) ECF No. 41 (court approved settlement providing gross recovery equal to $24.00 per class member).

Named Plaintiffs submit the Settlement is fair, reasonable, and adequate and therefore merits the Court's preliminary approval.

I.    **BACKGROUND AND OVERVIEW OF MOTION.**

A.    **Allegations Included in Named Plaintiffs' Complaint.**

This is a putative class action brought by Named Plaintiffs against Defendant under 29 C.F.R. § 2590.606–4(b)(4) *et seq.* and 29 U.S.C. § 1166(a). The lawsuit alleges Defendant provided Named Plaintiffs and the putative class with a deficient COBRA Notice. More specifically, Named Plaintiffs assert that Defendant's COBRA Notice violated the requirements set forth in 29 C.F.R. § 2590.606–4 *et seq.*, because it contained inaccurate and misleading threats of criminal penalties and fines and therefore was not written in a manner calculated to be understood by the average plan participant. Named Plaintiffs seek statutory penalties, injunctive relief, attorneys' fees, and costs, on behalf of themselves and a putative class of all others receiving the same COBRA notice and did not elect COBRA continuation coverage.

**B.     Defendant's Defenses.**

This action has been contested from the outset.  Defendant denies it ever violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 and has multiple defenses available to defend the claims.  Defendant denies any wrongdoing or liability in connection with any facts or claims that have been alleged.  Simply put, Defendant asserts it has not done anything wrong, always complied with statutory and regulatory requirements, and denies the claims are suitable for class treatment other than for settlement purposes.  The Agreement and this Motion are not, and shall not, in any way be construed as an admission or evidence of wrongdoing or violation of any federal, state, or municipal statute, regulation, principle of common law or equity on the part of Defendant. Defendant asserts it agreed to resolve this action through settlement to avoid the uncertainties and expense of further litigation.

**C.     Procedural History of Case.**

Named Plaintiffs filed the action on May 3, 2022.  (Doc. 1).  Defendant filed a Motion to Dismiss the Complaint on July 22, 2022.  (Doc. 20).  On August 9, 2022, Named Plaintiffs filed a comprehensive response in opposition to the Motion to Dismiss.  (Doc. 24).

The Parties filed their Case Management Report soon thereafter on September 9, 2022.  (Doc. 27).   The Court entered its Case Management and Scheduling Order on November 4, 2022.  (Doc. 33).

Prior to attending mediation, the Parties engaged in significant discovery and were therefore armed with sufficient information to assess the strengths and weaknesses of their respective cases. Named Plaintiffs propounded and received responses to written discovery (requests for production, requests for admission, and interrogatories), deposed Defendant's corporate representative pursuant to Rule 30(b)(6), and obtained a sworn declaration relevant to class certification from Defendant's COBRA administrator, Willis Towers Watson. In all, Named Plaintiffs received and reviewed approximately 4,000 documents obtained through discovery. For its part, Defendant propounded written discovery, deposed both Named Plaintiffs, and identified an expert.

On January 10, 2023, the Court denied, in part, Defendant's Motion to Dismiss. (Doc. 37). On January 31, 2023, Plaintiffs moved for Rule 23 class certification. (Doc. 40). On April 6, 2023, Defendant responded in opposition to Plaintiffs' Motion for Class Certification. (Doc. 50). Thus, having conducted extensive discovery and with briefing on class certification completed and the dispositive motion deadline looming, the Parties attended mediation.

     **D.**    **<u>Settlement Negotiations and Mediation</u>.**

On May 19, 2023, Martin Scheinman, an experienced ERISA class action mediator, led the mediation conference. After an entire day of often contentious negotiations, and multiple concessions by both sides, the Parties reached agreement in principle. The Settlement Agreement for which the Parties now

seek the Court's approval is the product of the May 19, 2023 mediation conference.

## II.    THE PROPOSED SETTLEMENT.

### A.    The Proposed Settlement Class.

The Agreement defines the proposed Settlement Class as follows: "All participants and beneficiaries in the Wells Fargo Health Plan who were sent the COBRA Notice by or on behalf of Defendant at any time during the Class Period [*i.e.*, from May 3, 2018 through December 23, 2021, subject to shorter applicable state limitations periods for a claim for statutory penalties, as best determined by the Parties' counsel] who did not elect COBRA Coverage, excluding individuals who entered into arbitration agreements with Defendant." There are approximately 50,000 people in the class.

### B.    Benefits to the Settlement Class.

The Settlement, if approved, will resolve all claims of Named Plaintiffs and all Settlement Class Members in exchange for Defendant's agreement to make available $1,000,000.00 to the Settlement Class. Every Settlement Class Member who submits a timely and valid claim will receive a check for up to $20.00. If, depending on the number of claims, the amount of the "Net Settlement Proceeds" (*i.e.*, the Gross Settlement amount less approved amounts for Class Counsel's attorneys' fees and costs, settlement administration expenses, and General Release Payments to the two Named Plaintiffs) is not enough to pay $20.00 to all Settlement Class Members who submitted a timely valid claim, then

each Settlement Class Member who submitted a claim will receive a pro rata portion of the Net Settlement Proceeds.

If there is any amount of the Net Settlement Proceeds leftover after subtracting the total value of the checks that the Settlement Administrator mails out for Settlement Claims, such leftover amount will revert as directed by Defendant. And if any Settlement Class Members file timely valid claims but do not cash their checks, those amounts will be paid to as a *cy pres* award to Bay Area Legal Services, or any other *cy pres* recipient that the Court may approve. The Parties have selected Bay Area Legal Services, a 501(c)(3) non-profit legal aid organization, and will ask the Court to approve it as the *cy pres* recipient.

The Parties negotiated the proposed Settlement on a common fund basis, meaning that the Parties' settlement offers were inclusive of all attorneys' fees and costs, incentive awards, and administrative expenses. The Parties did not negotiate attorneys' fees until after agreeing on all terms related to the size of the common settlement fund and the class definition.

## C.   <u>Administration of Notice of Settlement</u>.

The Parties have agreed to utilize a private, third-party vendor, American Legal Claim Services, LLC, to administer the Settlement in this case, including but not limited to distribution of the Notice of Settlement. The Parties have also agreed that all fees and expenses charged by the Settlement Administrator shall be paid from the Settlement Account.

**D.**   **Attorneys' Fees and Costs and Named Plaintiffs' General Release Payments.**

Pursuant to the Agreement, Class Counsel is authorized to petition the Court for up to 30% of the Gross Settlement amount made available to the class (*i.e.*, up to $300,000.00) as attorneys' fees, plus reasonable litigation costs up to $10,772.94.  Named Plaintiffs will file a separate motion seeking approval for Class Counsel's fees and costs at least thirty (30) days prior to the Settlement Class Members' deadline to opt out or object to the Settlement.  Defendant does not oppose the amount of fees and costs sought by Class Counsel, as specified above.

Additionally, Named Plaintiffs, Audra Niski and Nelson Ferreira, are entitled to apply to the Court for a General Release Payment not to exceed $7,500 each.  Defendant does not oppose Named Plaintiffs' General Release Payment application.  Named Plaintiffs will include their request for this General Release Payment in their motion for Class Counsel's fees and costs.  Neither Settlement approval nor the size of the Gross Settlement amount are contingent upon Court approval of the full amount of Class Counsel's requested fees and costs, nor approval of Named Plaintiffs' General Release Payments.[3]

---

[3] Named Plaintiffs acknowledge that in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), the Eleventh Circuit held that incentive awards for class action representatives that provide compensation for their time and reward them for bringing lawsuits are prohibited. However, the general release payments do not constitute a prohibited incentive award because the general release payments are made in consideration for Ms. Niski's and Mr. Ferreira's release of all claims they individually could have or did assert in the action, including claims under federal law, state or local laws, statutes, regulations, ordinances, or federal or state common law.  General releases that are supported by independent consideration are routinely

7

### E. **Class Action Fairness Act Notice**.

Defendant will submit the notices required by the Class Action Fairness Act of 2005 ("CAFA") to the appropriate Federal and State officials.

## III. **MOTION FOR PRELIMINARY APPROVAL AND SUPPORTING MEMORANDUM OF LAW**.

### A. **Applicable Legal Standard**.

This action was settled prior to certification. A class may be certified "solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Woodward v. NOR–AM Chem. Co.*, 1996 WL 1063670 *14 (S.D.Ala.1996), citing *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 173–78 (5th Cir.1979), cert. denied, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981). In this case, Named Plaintiffs seek to have this case certified pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

### B. **The Requirements of Rule 23(a) are Met for Purposes of Approving the Proposed Settlement**.

Rule 23(a) sets forth four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P.

---

approved in employment law settlements, including specifically in class action settlement approved after *Johnson* was issued. *See, e.g., Twardosky v. Waste Management, Inc.*, Case No. 8:19-cv-02467-CEH-TGW (M.D. Fla. June 28, 2021, ECF No. 58); *Candiss Tweedie v. Waste Pro of Fla., Inc.*, Case No. 8:19-cv-01827, (M.D. Fla. August 5, 2021) (Adopting May 4, 2021 Report and Recommendation, (ECF No. 57), in a Fair Credit Reporting Act class action settlement, which provides for a $7,500 incentive award to the named plaintiff in exchange for a general release.); *McNamara v. Brenntag Mid-South, Inc.*, Case 8:21-cv-00618 (M.D. Fla. Feb. 17, 2022(Doc. 32) (approving $5,000 general release payment to class representative in class action case.)

23(a). Named Plaintiffs have satisfied all four requirements under Rule 23(a) for purposes of approving the proposed Settlement.

### 1.    **Numerosity.**

The proposed class of approximately 50,000 individuals is "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Numerosity is satisfied.

### 2.    **Commonality.**

Next, Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Commonality is satisfied when the claims depend on a common contention, the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). "[T]his prerequisite does not mandate that all questions of law or fact be common; rather, a single common question of law or fact is sufficient to satisfy the commonality requirement, as long as it affects all class members alike." *Klewinowski*, 2013 U.S. Dist. LEXIS 130591, at *5-6 (internal quotations and citations omitted); *see also Waters v. Cook's Pest Control, Inc.*, 2012 U.S. Dist. LEXIS 99129, at *26-27 (N.D. Ala. July 17, 2012) (citing *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1355 (11th Cir. 2009)).

In this case, common questions of law and fact exist among Named Plaintiffs and the proposed Settlement Class Members for purposes of approving the Settlement. All Settlement Class Members were participants in or beneficiaries of the Plan, were sent copies of Defendant's allegedly deficient

9

COBRA Notice, and did not elect COBRA continuation coverage following their receipt of the same purportedly inadequate notice. Such common issues of law and fact have been found to satisfy commonality in similar COBRA cases. *Morris v. US Foods, Inc.*, No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741, at *5 (M.D. Fla. May 17, 2021); *Vazquez v. Marriott Int'l, Inc.*, No. 817CV00116MSSMAP, 2018 WL 3860217, at *3 (M.D. Fla. Aug. 7, 2018) (certifying Rule 23 class in COBRA notice case and finding commonality satisfied based on same factors); *see also Pierce v. Visteon Corp.,* 2006 U.S. Dist. LEXIS 98847, at *12 (S.D. Ind. Sept. 14, 2006) (holding there was commonality where plaintiff challenged defendants' COBRA notice practices "as applied to the entire class").

Additional common issues exist in this case, including: (1) whether Defendant violated COBRA's notice requirements; (2) whether, and to what extent, statutory penalties are appropriate. Each Settlement Class Member received the allegedly inadequate COBRA Notice and, as such, would have an alleged claim for statutory penalties. Named Plaintiffs have established common questions of fact concerning whether the COBRA Notice complies with the law. Given that there are multiple questions of law and fact common to members of the Settlement Class, the commonality requirement is satisfied for purposes of approving the Settlement.

### 3.    **Typicality.**

The typicality requirement "tend[s] to merge" with the commonality requirement. *Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 157 n.13 (1982).

"A class representative must possess the same interest and suffer the same injury as the class members to be typical under Rule 23(a)(3). Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Rosario-Guerro*, 265 F.R.D. at 627 (citing *Busby v. JRHBW Realty, Inc.*, 513 F. 3d 1314, 1322 (11th Cir. 2008).

Here, Named Plaintiffs are typical of the Settlement Class Members they seek to represent, as pursuant to Defendant's standard practice, they received the same COBRA Notice as the Settlement Class Members and their claims stem from that COBRA Notice. Indeed, whether a COBRA Notice provides adequate information is not based on an individual's understanding of the COBRA Notice but, rather, an objective determination of whether the Notice complies with the letter of the statute. *Rodriguez v. Int'l Coll. of Bus. and Tech.*, 364 F.Supp.2d 40, 46 (D.P.R. 2005) ("Neither a plaintiff's actual knowledge of his rights under COBRA nor his prior COBRA related job responsibility, dispenses with a plan administrator's obligation to give the employee [proper] notification") (citing *Torres-Negron, et al. v. Ramallo Bros. Printing Inc.*, 203 F.Supp.2d 120, 124-125 (D.P.R. 2002)).

Thus, whether Defendant's contested COBRA Notice complies with the law depends not on Named Plaintiffs' personal interpretation but whether the COBRA Notice is understandable by an average plan participant. 29 C.F.R. 2590.606-4(b)(4). This requirement has been interpreted as "an objective standard rather than requiring an inquiry into the subjective perception of the

11

individual [plan] participants." *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 407 (8th Cir. 1995) (interpreting regulatory requirements for Summary Plan Descriptions, which are subject to an identical regulatory requirement to be written in a manner calculated to be understood by the average plan participant).

In sum, Named Plaintiffs' claims are typical of all Settlement Class Members and their resolution does not depend on Named Plaintiffs' personal characteristics. *Vazquez*, 2018 WL 3860217, at *4. Accordingly, for purposes of approving this Settlement, Rule 23(a)(3) is also satisfied. *See Pierce,* 2006 U.S. Dist. LEXIS 98847, at *13 (typicality met where "[a]ll of the class claims stem from Defendants' alleged failure to provide COBRA notices pursuant to the dictates of 29 U.S.C. § 1166, a common course of conduct, and are based upon the same legal theory").

### 4. **Adequacy.**

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "This requirement 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (citing *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008)).

Named Plaintiffs—like every Settlement Class Member—received the same allegedly deficient COBRA Notice from the same Defendant sometime between May 3, 2018 and December 23, 2021. Thus, Named Plaintiffs and the Settlement Class Members have the exact same interest in recovering the statutory damages to which they are allegedly entitled. As such, Named Plaintiffs do not have any interests antagonistic to those of the proposed Settlement Class. Indeed, Named Plaintiffs' pursuit of this litigation is evidence of the same.

Likewise, proposed Class Counsel—Brandon J. Hill and Luis A. Cabassa from Wenzel Fenton Cabassa, P.A., along with Marc Edelman from Morgan & Morgan, P.A.—have extensive experience litigating class actions of similar size, scope, and complexity to the instant action. They regularly engage in major complex litigation involving employment and consumer-related claims, including cases alleging deficient COBRA notices like this. Class Counsel have the resources necessary to conduct litigation of this nature and have been appointed lead class counsel by federal courts throughout the country in more deficient COBRA notices cases than any other firms. *See generally* Declarations of Luis A. Cabassa, Brandon J. Hill, and Marc Edelman.

Further, proposed Class Counsel have devoted substantial resources to pursuing these claims against Defendant, including extensive motion practice and discovery, as well as an outlay of costs and time preparing for and attending mediation and subsequent work to negotiate and document the final Settlement details and documentation.

13

Similarly, Named Plaintiffs have also expended time and effort for the Settlement Class Members.  Both were willing to put their name on the Complaint, sit for depositions, and assist Class Counsel at every turn.

### C.   **The Requirements of Rule 23(b)(3) are Also Met**.

In addition to satisfying Rule 23(a), parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem,* 521 U.S. at 623. Here, Named Plaintiffs seek certification for the purposes of the Settlement under Rule 23(b)(3), which allows a class action to be maintained if: (1) questions of law or fact common to the class members predominate over any questions affecting only individual members; and (2) a class action is superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

#### 1.   **Predominance**.

Rule 23(b)(3)'s predominance requirement focuses on whether a defendant's liability is "common enough to be resolved on a class basis," *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.  Here, common issues predominate. The entire action is derived from a standardized COBRA Notice common to all Settlement Class Members.  The core inquiry is whether the COBRA Notice complied with applicable statutory requirements and accompanying regulations, and, if it didn't, whether statutory penalties are appropriate. Thus, Named Plaintiffs' claims "will prevail or fail in unison," and as

such, predominance is met for settlement purposes only. *Amgen Inc.*, 568 U.S. at 460. In fact, when analyzing near identical COBRA notice actions for certification purposes, courts consistently find common issues to predominate. *See, e.g., Hicks*, No. 8:19-cv-261-JSM-TGW, Doc. 34 (M.D. Fla.) (finding the predominance requirement satisfied in COBRA notice case); *Valdivieso*, No. 8:17-cv-118-SDM-JSS, Doc. 89; *Morris* No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741, at *6; *Vazquez*, 2018 WL 3860217, at *6.

## 2. **Superiority.**

Finally, the class action device is also the superior means of adjudicating this controversy because it "achieve[s] economies of time, effort and expense and promote[s] . . . uniformity of decision as to persons similarly situated." *Amchem*, 521 U.S. at 615. Actions alleging a standard course of wrongful conduct are particularly well-suited for class certification because they facilitate efficiency and uniformity.

Here, all questions necessary to determine whether—for Settlement purposes—Defendant violated COBRA (and its accompanying regulations) are common to all Settlement Class Members. As such, a class action is a much more efficient use of judicial and party resources than multiple actions. Further, absent a class action (like this), members of the Settlement Class would almost certainly find the cost of individually litigating their claims to be prohibitive. Indeed, no other member of the proposed Settlement Class has brought any COBRA claims against Defendant, and thus, "there is no indication that any class

member wants to individually control his or her own separate action." C*alloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 408 (E.D. Mich. 2012). In fact, many members of the proposed Settlement Class may not even be aware that Defendant has allegedly violated their rights under ERISA/COBRA's notice requirements. Where class members are unlikely to discover (and vindicate) injuries absent certification of a class, class treatment is superior to the alternatives.

In the end, because common questions predominate and a class action is the superior method for adjudicating the controversy, maintenance of this action as a class action is appropriate for purposes of approving the Settlement.

### D.    **Rule 23(e) Is Also Satisfied.**

After analyzing certification under Rule 23(a) and Rule 23(b)(3), when deciding whether to preliminary approval a class actions settlement, Courts in this Circuit also look to whether the proposed settlement satisfies Rule 23(e). Under Rule 23(e), Fed.R.Civ.P., "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." The Agreement satisfies the applicable standards for approval under Rule 23(e) and Eleventh Circuit case law.

Rule 23(e) requires that a settlement agreement be "fair, reasonable, and adequate" before receiving approval. The following factors must be considered before determining whether that standard has been satisfied: (a) whether the

class representatives and class counsel have adequately represented the class; (b) whether the agreement was negotiated at arm's length; (c) the adequacy of the relief provided for the class; and (d) whether the proposal "treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2)(A)-(D). Clearing these standards is not a high bar, given that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). The Rule 23(e) factors are satisfied here. Accordingly, Named Plaintiff respectfully request this Court grant preliminary approval of the Agreement.

### 1. The Class Representatives and Class Counsel Have Adequately Represented the Settlement Class.

There is no question that Named Plaintiffs and the undersigned have adequately represented the Settlement Class. This first Rule 23(e)(2) requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (*citing Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008).

Here, the adequacy-of-representation requirement has been met. Named Plaintiffs, Audra Niski and Nelson Ferreira, are adequate given that their interests are equivalent to those of the Settlement Class. There is also no obvious

conflict of interest between Named Plaintiffs and the Settlement Class. Named Plaintiffs have the same interest as the Settlement Class Members in prosecuting their claims. Named Plaintiffs, along with Class Counsel, secured a reasonable settlement in favor of the Settlement Class Members they seek to represent.

With respect to Class Counsel, as demonstrated in the attached declarations, the proposed attorneys have extensive class action experience, and have been appointed as class counsel in many class action cases, including the following recent COBRA class action cases: *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34); *Valdivieso v. Cushman & Wakefield, Inc.*, M.D. Fla. Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) (Doc. 92) (appointing undersigned as class counsel in a COBRA notice class action), and *Carnegie v. FirstFleet Inc.*, M.D. Fla. Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63) (same).

Where, as here, the Parties are represented by counsel who have significant experience in class-action litigation and settlements and in ERISA cases, and no evidence of collusion or bad faith exists, the judgment of the litigants and their counsel concerning the adequacy of the settlement is entitled to deference. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 532-33 (E.D. Ky. 2010) *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011). Thus, the proposed settlement satisfies Rule 23(e)(2)'s first component, adequacy.

18

### 2. The Settlement Is the Product of Arm's Length Negotiations Between Experienced Counsel Before a Neutral Mediator.

The next Rule 23(e)(2) factor is also satisfied because the proposed Settlement is the product of arm's length negotiations that were overseen by an experienced and impartial mediator.  This also weighs in favor of approval.  *See Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator").

The proposed Settlement, and the record in this case, show that the Agreement was the product of extensive and detailed arm's length negotiations between the Parties and their counsel.  The Parties participated in a day-long mediation with Martin F. Scheinman at great expense to both sides—and with no promise Class Counsel would recover anything at all.  The Parties and counsel were well-informed of the potential strengths and weaknesses of their positions and conducted good faith negotiations to avoid costly and protracted litigation. Attorneys' fees were not discussed until the Parties had agreed on the Settlement Class Members' recovery.

Moreover, as stated above, all counsel involved in the negotiations are experienced in handling class action litigation and complex litigation and are clearly capable of assessing the strengths and weaknesses of their respective positions. *See generally* Declarations of Luis A. Cabassa, Brandon J. Hill and Marc Edelman; *see also Pierre-Val*, 2015 U.S. Dist. LEXIS at *2 ("courts should

19

give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks"). Where there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement ... counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005).

### 3.   The Settlement Provides Adequate Relief to Settlement Class Members.

The proposed Settlement will provide substantial relief to Settlement Class Members, satisfying the third Rule 23(e)(2) factor. The Settlement requires Defendant make available $1,000,000.00 to resolve the claims at issue. Every Settlement Class Member who timely files a valid claim will receive a check for up to $20.00.   This recovery falls well within the range of reasonableness for settlement purposes. *Bacs, et al. v Capital One*, 8:21-cv-02852-TPB-TGW (M.D. Fla. Dec. 12, 2022), ECF Nos. 56, 57 (in nearly identical COBRA notice class action, Judge Barber approved gross award of $17.89); *Vazquez v. Marriott Int'l, Inc.*, No. 8:17-cv-00116-MSS-MAP (M.D. Fla. Feb. 27, 2020), ECF. No. 127 (court approved COBRA notice class action settlement awarding $13.00 per class member); *Rigney v. Target Corp.*, No. 8:19-cv-01432-MSS-JSS (M.D. Fla. Mar. 24, 2021), ECF Nos. 58, 59 ($17.00 per class member); *Hicks v. Lockheed Martin Corp, Inc.*, No. 8:19-cv-00261-JSM-TGW (M.D. Fla. Dec. 11, 2019) ECF No. 41

(court approved settlement providing gross recovery equal to $24.00 per class member).

The $20.00 payment to each claiming Settlement Class Member compares favorably to previously-approved COBRA notice class action settlements. Under the Parties' Agreement, the Settlement Class Members can quickly monetize their claims, even if the amount is less than what could have been recovered through successful litigation. Likewise, Defendant avoids the uncertainty and expense associated with protracted litigation and trial. Named Plaintiffs support the Settlement. Class Counsel believes the bulk of the other Settlement Class Members will react favorably to the Settlement after being similarly apprised of its terms.

### 4. The Proposal Treats Settlement Class Members Equitably Relative to Each Other.

The last Rule 23(e)(2) factor is satisfied because the proposed Settlement treats Settlement Class Members equitably. In fact, they are treated *identically*. As set forth above, with the Settlement Class comprised of approximately 50,000 members, each Settlement Class Member who timely files a valid claim will receive a check for the same amount up to $20.00.

### 5. Additional Considerations.

If Named Plaintiffs had continued litigating their claims, success was not guaranteed. As discussed herein, Named Plaintiffs faced significant risks with respect to liability, damages, and certification of a litigation class. With respect to

liability, the Settlement avoids the risk of summary judgment for Defendant or an adverse ruling on Named Plaintiffs' pending class certification motion. *See, e.g., Brown-Pfifer v. St. Vincent Health, Inc.,* 2007 U.S. Dist. LEXIS 69930, at *26 (S.D. Ind. Sept. 20, 2007)(denying certification); *Kane v. United Indep. Union Welfare Fund,* 1998 U.S. Dist. LEXIS, at *19 (E.D. Pa. Feb. 24, 1998)(denying certification).  It was reasonable for Named Plaintiffs remove these risks from the equation by settling at this juncture to ensure class-wide monetary relief.

### 6.    The Settlement Avoids Complex, Expensive, and Prolonged Litigation.

Continuing to litigate the claims would have been time consuming, expensive and significantly delayed relief (if any at all) to Settlement Class Members.   In the absence of a settlement, onerous motion practice was inevitable, including inevitable Rule 23(f) appeals to the Eleventh Circuit to any certification order, followed by summary judgment motion practice.  If summary judgment wasn't granted, the Parties would have expended significant resources preparing and trying the action. The costs associated with these litigation activities would have been significant and final resolution postponed for years, as this genre of complex litigation "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.,* 967 F.2d at 493. By settling now, Named Plaintiffs saved precious time and costs, and obtained monetary relief for the Settlement Class.

## IV.   THE COURT SHOULD APPROVE THE NOTICE TO SETTLEMENT CLASS MEMBERS.

In addition to reviewing the substantive terms of the Agreement, the Court must ensure notice is sent in a reasonable manner to all Settlement Class Members who would be bound by the proposed settlement. Fed. R. Civ. P. 23(e)(1).   The "best notice" practicable under the circumstances includes individual notice to all potential class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B).  That is precisely the type of notice contemplated here.

Under the Settlement, each Settlement Class Member with an available email address will be notified of the Settlement terms by Email Notice (*see* Exhibit C), and the remaining Settlement Class Members will be sent a Short Form Notice (*see* Exhibit D) by U.S. Mail to the Settlement Class Members' last known mailing addresses.  These notices will advise Settlement Class Members how to file a claim, or alternatively, how to opt out or object to the Settlement. The Email Notice and Short Form Notice will contain a link to the Settlement Administrator's website where a Long Form Notice (*see* Exhibit E) and a claim form will be available. In instances when the Settlement Administrator deems an Email Notice undeliverable, then the Short Form Notice will be mailed to the Class Member's last known address.

The Email Notice, Short Form Notice and Long Form Notice include all information required by Rule 23(c)(2)(B).  The Email Notice and Short Form

Notice both clearly spell out the key terms of the proposed Settlement and contain a link to a website address where Settlement Class Members can obtain a copy of the Agreement and other relevant documents and include a phone number that Settlement Class Members may call if they have any questions. Accordingly, this Court should approve the Email Form, Short Form, and Long Form versions of the Notice of Settlement.

**V.    <u>CONCLUSION</u>.**

Based on the foregoing reasons, this Honorable Court should grant this Motion and enter an Order granting preliminary approval of the Parties' class action settlement.

<u>**CERTIFICATE OF GOOD FAITH**</u>

Named Plaintiffs' counsel certifies that, in conformance with Local Rule 3.01(g), he conferred with Defendant's counsel about the issues raised in this Motion. Defendant does <u>not</u> oppose the relief requested herein.

Dated this 18th day of July, 2023.

Respectfully submitted,

/s/*Brandon J. Hill*
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com

and

**MARC R. EDELMAN, ESQ.**
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-577-4722
Fax: 813-257-0572
Email: MEdelman@forthepeople.com

*Proposed Class Counsel and Attorneys for
Named Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has

been forwarded to counsel of record for all parties via the Court's CM/ECF filing

system on this 18th day of July, 2023.

/s/*Brandon J. Hill*
BRANDON J. HILL