UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUY BLESSINGER,

    Plaintiff,

v.                              Case No. 8:22-cv-1029-TPB-SPF

WELLS FARGO & COMPANY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on consideration of the report and recommendation of Sean P. Flynn, United States Magistrate Judge, entered on October 20, 2023. (Doc. 62). Judge Flynn recommends that "Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement" (Doc. 58) be granted in part and denied in part. Specifically, Judge Flynn recommends that the Court grant the motion and approve the settlement, except for the general release payments to the class representatives. On November 3, 2023, Plaintiffs Audra Niski and Nelson Ferreira filed a partial objection to Judge Flynn's recommendation that the $7,500 general release payments be disallowed. (Doc. 63).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and

recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C).

Upon due consideration of the record, the Court adopts the report and recommendation. The Court agrees with Judge Flynn's detailed and well-reasoned factual findings and legal conclusions, including his conclusion that the $7,500 general release payments are disguised incentive awards. Consequently, the joint motion is granted, the settlement is approved – except for the $7,500 general release payments. The parties are instructed to strike references to general release payments from all settlement documents and notices.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1) Judge Flynn's report and recommendation (Doc. 62) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2) "Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement" (Doc. 58) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

3) The Court preliminarily certifies, under Fed. R. Civ. P. 23, the following settlement class: All participants and beneficiaries in the Wells Fargo Health Plan who were sent the COBRA Notice by or on behalf of Defendant at any time during the Class Period [i.e., from May 3, 2018 through December 23, 2021, subject to shorter applicable state limitations periods for a claim for statutory penalties, as best determined by the Parties' counsel] who did not elect COBRA Coverage, excluding individuals who entered into arbitration agreements with

Defendant.   The class consists of approximately 50,000 persons.

4) The Court finds, on a preliminary basis, that the settlement (Doc. 58-2) is fair, reasonable, and adequate, except the provisions regarding general release payments to the class representatives.

5) The Court appoints Audra Niski and Nelson Ferreira as class representatives.

6) The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Marc Edelmen of Morgan & Morgan, P.A., as class counsel.

7) The Court approves the proposed notices – the e-mail notice, the short form notice, and the long form notice (Docs. 58-3; 58-4; 58-5) – for distribution to the settlement class members, provided the parties amend the notices to: (1) strike all references to general release payments; and (2) reflect the other revisions detailed in the report and recommendation.   The parties are instructed to follow the notice requirements and procedures set forth in the report and recommendation.

8) Class counsel's motion for attorney's fees and costs must be filed at least thirty days prior to the objection deadline for settlement class members.

9) The final approval motion shall be filed no later than fourteen days prior to the date of the final approval hearing, and it should address any timely-submitted objections to the settlement.

10) A fairness hearing will be scheduled before Magistrate Judge Sean P. Flynn to determine whether the settlement is fair, reasonable, and adequate and if final approval should granted; whether any objections to the settlement should be

overruled; and whether class counsel's motion for attorneys' fees and expenses should be granted. The parties are directed to contact Judge Flynn's chambers to schedule the hearing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of December, 2023.

*/s/ T.P. Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**