UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUY BLESSINGER, AUDRA NISKI,
and NELSON FERREIRA,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                      Case No. 8:22-cv-1029-TPB-SPF

WELLS FARGO & COMPANY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the report and recommendation of Sean P. Flynn, United States Magistrate Judge. (Doc. 72). In this putative class action case, the parties reached a settlement and now move for final approval of their settlement agreement and dismissal of the litigation on a class-action basis. *See* (Doc. 69). Following a fairness hearing (Doc. 71), Judge Flynn recommends the motion be granted. Lead counsel has also moved for an award of attorney's fees and reimbursement of reasonable costs and expenses (Doc. 67), which Judge Flynn recommends be granted. The pending motions are unopposed, and the parties filed a notice of non-objection to the report and recommendation. (Docs. 69; 73).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); 718 F.2d 198, 199 (4th

Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

After careful consideration of the record, including Judge Flynn's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Flynn's detailed and well-reasoned factual findings and legal conclusions, including that the purported class meets all of the Rule 23(a) prerequisites and satisfies Rule 23(b)(3); that the notice to the class was reasonable and the best notice practicable; and that the settlement agreement is fair, reasonable, and adequate. The Court also agrees with Judge Flynn that an award of $300,000 (or 30%) of the settlement fund is reasonable under the circumstances of this case, and that class counsel is entitled to their claimed expenses totaling $10,772.94.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 72) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement" (Doc. 69) is hereby **GRANTED**.

3. "Plaintiffs' Unopposed Motion for Attorneys' Fees and Litigation Expenses" (Doc. 67) is hereby **GRANTED**.

4. Consistent with the Court's preliminary class certification, final certification of the settlement class is **GRANTED** for the purposes of settlement.

5. Luis Cabassa, Brandon Hill, and Amanda Heystek of the law firm Wenzel Fenton Cabassa, P.A. and Marc Edelman of Morgan & Morgan, P.A. are **APPOINTED** as class counsel.

6. Named Plaintiffs Audra Niski and Nelson Ferreira are **APPOINTED** as class representatives.

7. The settlement agreement is **APPROVED** as a fair, adequate, and reasonable resolution of the class members' claims.

8. The distribution of funds as specified in the settlement agreement is **APPROVED**.

9. Class counsel are awarded $300,000 in reasonable attorney's fees. Class counsel are further awarded $10,772.94 in reasonable costs. These awards are to be paid from the settlement fund.

10. The three class members who opted out of the settlement – Pallavi Khanna, Tran Bao Nguyen, and Surabhi Bhuttarai – are excluded from the settlement.

11. This action is **DISMISSED WITH PREJUDICE** against Plaintiffs and all other settlement class members.

12. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, and thereafter close this case.

13. The Court retains jurisdiction to enforce the settlement agreement, if necessary.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE